**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-003-TCK |
| ) | |
| ANDRE CURTIS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is the "motion requesting preservation of rights" (Dkt. # 228) filed on July 19, 2012, by Defendant Andre Curtis, a federal inmate appearing *pro se*. In his motion, Defendant seeks collateral relief from his convictions and sentences entered April 4, 2002, or more than ten (10) years ago. For the reasons discussed below, the Court finds Defendant's motion shall be dismissed without prejudice for lack of jurisdiction.

### *BACKGROUND*

On December 21, 2001, Defendant was convicted by a jury of eight (8) counts of robbery under the Hobbs Act, 18 U.S.C. § 1951, and eight (8) counts of using a gun during a crime of violence, in violation of 18 U.S.C. § 924(c). On April 4, 2002, Defendant was sentenced to a total of 2,271 months imprisonment, a fine of $12,500, and restitution in the amount of $3,224.

Defendant appealed to the Tenth Circuit Court of Appeals. On September 17, 2003, the appellate court affirmed this Court's judgment. See Dkt. # 149. On December 12, 2003, Defendant filed a petition for writ of *certiorari* at the United States Supreme Court. That request was denied on January 20, 2004. See Dkt. # 151.

On January 12, 2005, Defendant filed a 28 U.S.C. § 2255 motion (Dkt. # 161). On April 18, 2005, Defendant filed an amended 28 U.S.C. § 2255 motion (Dkt. # 168). By Order filed March 8,

2007 (Dkt. # 194), the Court denied Defendant's § 2255 motion and amended § 2255 motion. Defendant did not appeal the denial of relief under § 2255.

On March 23, 2007, Defendant filed a motion seeking relief under 18 U.S.C. § 3582(c)(2). The Court denied that motion on July 9, 2007. See Dkt. # 200. Defendant appealed. On October 25, 2007, the Tenth Circuit Court of Appeals affirmed this Court's denial of relief under § 3582(c).

Defendant persisted in seeking collateral relief. On February 4, 2008, he filed a "Rule 52(b)" motion (Dkt. # 216). By Order filed February 7, 2008 (Dkt. # 217), the Court determined that the motion was a second § 2255 motion and transferred it to the Tenth Circuit. On March 21, 2008, the Tenth Circuit denied Defendant's motion for remand and terminated the action. See Dkt. # 220.

## *ANALYSIS*

In his "motion for preservation of rights," Defendant again seeks collateral relief from his judgment. However, he identifies no authority for the relief he seeks. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted). Defendant fails to explain why § 2255 is an inadequate or ineffective remedy. In light of the record cited above, the Court finds Defendant's motion is a successive § 2255 motion. Under 28 U.S.C. § 2255(h), a defendant is required to obtain authorization from the circuit court of appeals before filing second or successive motion in district court. See Moore v. Schoeman, 288 F.3d 1231, 1236 (10th Cir. 2002). Nothing suggests Defendant has obtained an order from the Tenth

Circuit authorizing this Court to consider the motion.[1]  As a result, this Court lacks jurisdiction to address the successive motion. United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the mater to this court for authorization." Id. at 1252 (citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases)).

The Court finds no risk that a meritorious successive claim will be lost and it would be a waste of judicial resources to transfer the motion.  Defendant's motion is conclusory and completely lacking in factual support.  Although Defendant states he seeks "preservation of rights," he fails to

---

[1]To the extent Defendant seeks leave to file a future § 2255 motion or to extend the one-year limitations period applicable to § 2255 motions, he is advised that because he has previously been denied relief under § 2255, he will be required to obtain authorization from the Tenth Circuit Court of Appeals before filing a successive motion in this Court.

provide facts suggesting a lost or jeopardized right.[2] Therefore, the motion shall be dismissed as a successive § 2255 motion filed without prior authorization from the Tenth Circuit.

**ACCORDINGLY IT IS HEREBY ORDERED that** Defendant's "motion for preservation of rights" (Dkt. # 228) is **dismissed without prejudice** for lack of jurisdiction as a successive § 2255 motion filed without prior authorization from the Tenth Circuit Court of Appeals.

DATED THIS 3rd day of August, 2012.

_____
TERENCE C. KERN
UNITED STATES DISTRICT JUDGE

---

[2] Defendant asks that the Court "grant to him the preservation of rights recognized" in recent Supreme Court decisions addressing ineffective assistance of counsel claims pertaining to the plea bargain process. See Dkt. # 228. Specifically, Defendant cites Missouri v. Frye, 132 S. Ct. 1399 (2012) (finding counsel performed deficiently in failing to communicate a written plea offer to the defendant); and Lafler v. Cooper, 132 S. Ct. 1376 (2012) (finding counsel provided ineffective assistance in advising the petitioner to reject the plea offer and go to trial). He also cites Bond v. United States, 131 S.Ct. 2355 (2011) (finding defendant had prudential standing to challenge on appeal constitutionality of federal statute of conviction after entering conditional guilty plea). However, Defendant completely fails to explain or describe how the holdings of those cases apply to his case.